UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Paul Leslie Cox,    #75206, | ) C/A No. 3:10-3239-HFF-JRM |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, Lieber Correctional Institution, | ) |
| Respondent. | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**FACTUAL and PROCEDURAL BACKGROUND**

This appears to be Petitioner's initial § 2254 Petition relating to a Spartanburg County kidnaping conviction and life sentence entered on a guilty plea in April 1987. He asserts that he is being held in prison "as a slave" in violation of the Thirteenth and Fourteenth Amendments to the United States Constitution. He claims that this is "newly discovered evidence," but he does not provide any kind of factual support for that claim. He does not say when his alleged status as a slave because clear to him or when or where he made such a claim to any state court. Although Petitioner has filed other habeas petitions in this Court in the past, Civil Action Nos. 3:97-2178, 3:98-61, 3:04-23299, those petitions were addressing either a prisoner disciplinary conviction or a Greenville County ABWIK conviction and 30-year sentence entered on a jury verdict in August 1987. A district court may take judicial notice of materials in the court's own files from

prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding); *see also United States v. Webber*, 396 F.2d 381, 386-87 (3rd Cir. 1968); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

Upon initial review of the Petition, it became clear from the face of the Petition that it is untimely because "1-18-08" is the latest date that Petitioner provides for any kind of state-court decision affecting his Spartanburg County conviction. (ECF No. 1, Pet. 2, 6). Petitioner provides that date as the "date of result" in a post-conviction relief (PCR) application he filed in Spartanburg County at some undisclosed time. On initial review, the undersigned recognized that even if we were to assume that the PCR case was filed soon after his conviction had remained pending for the full time since the date of his conviction, if Petitioner's final effort to exhaust his state court remedies ended on January 18, 2008, then his submission of this federal habeas corpus case to this Court on December 10, 2010 was almost one year too late. *See Houston v. Lack*, 487 U.S. 266, 271 (1988)(*pro se* prisoner's pleading is deemed "filed" at moment of delivery to prison authorities for forwarding to district court). Accordingly, instead of immediately issuing a Report and Recommendation for summary dismissal of the Petition, the Court issued an Order to Show Cause to Petitioner in which he was told that the Court was considering dismissal of the Petition for untimeliness. Petitioner was granted twenty-one days to respond with a factual explanation as to why the one-year limitation period under 28 U.S.C. § 2244(d) should not bar his Petition. (ECF No. 7). *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002)(habeas case; timeliness may be raised *sua sponte* if evident from face of pleading, but petitioner must be given warning and opportunity to explain before dismissal). The Order specifically stated: "Unless Petitioner provides facts concerning the issue of timeliness of his Petition that would militate against dismissal based on the limitations bar, this case will be dismissed." *Id.*

Within five days of the issuance of the Order to Show Cause, Petitioner submitted a "REPLY" in

which he provides no facts at all relative to the timeliness of his Petition. Rather, he demands a hearing and states that he seeks "mandamus" against the undersigned magistrate judge to require a hearing at which he will be personally present "so I may make myself clerk [sic] to you." (ECF No. 9). Without providing any facts in his reply that would militate against dismissal, Petitioner has given this Court nothing that he needs to "make clerk" (perhaps intending to say "clear") to the undersigned through a hearing. Moreover, the undersigned is under no "plainly defined and peremptory" duty to hold a hearing in this case, *see United States v. Helvering*, 301 U.S. 540 (1937) (the duties claimed to be owed by the officer or employee of the United States must be "plainly defined and peremptory" in order for mandamus to issue to compel the performance of such duty), thus Petitioner's request for a writ of mandamus to compel such hearing is frivolous. Petitioner's failure or refusal to appropriately respond to the Order with a factual explanation for the clear untimeliness of his Petition requires summary dismissal of this case.

## **PRO SE REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal

court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

## LEGAL ANALYSIS

The applicable law is as follows: The Anti-Terrorism and Effective Death Penalty Act (AEDPA) became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[1] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. *Duarte v. Hershberger*, 947 F. Supp. 146, 148 n.2 (D.N.J. 1996).

> been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>  (2)  The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (emphasis added).

Giving Petitioner the benefit of all doubts, and assuming without deciding that the PCR case was filed at some point during the first year after his conviction became final or during the one-year period for such filings beginning on April 24, 1996 permitted by the AEDPA for cases that became final before the Act became effective, *see Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000), once the PCR case ended on January 18, 2008, any time remaining on the § 2244(d) one-year statute of limitations was no longer tolled and it began to run.  Thus, even were we to assume that Petitioner used up none of his one-year period before he filed his PCR case, which is highly doubtful,[2] and that the case was pending in the Spartanburg County Court of Common Pleas all the way through January 18, 2008, Petitioner's time for filing his federal habeas corpus petition ran on January 19, 2009.  When he submitted the Petition to the Lieber Correctional Institution's mail system on December 10, 2010, the Petition in this case was already nearly eleven months too late.

Additionally, there is no evidence before the Court that warrants equitable tolling of the § 2244(d)

---

[2] It is more likely that Petitioner allowed considerable time to run between the time his conviction became "final" under the AEDPA (April 24, 1996) and the filing of the PCR case.  However, since Petitioner has not provided the date of the filing of the PCR, he is being given every possible benefit of timing of the PCR filing under the Court's analysis.

limitations period. In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000).
>         . . . .
>
> Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, [a petitioner] is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

*Id.* at 246-247.

Although Petitioner was given a full opportunity to submit facts in support of equitable tolling in this case, he provided no facts, preferring, instead, to submit a non-responsive reply to the Order. As a result, it is easily seen that Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing his Petition on time. *See Rouse*. Therefore, it is recommended that the Petition be dismissed *with prejudice* as it is barred by the statute of limitations.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice* and without issuance and service of process upon Respondent. Petitioner's attention is directed to the important notice on the next page.

Joseph R. McCrorey
United States Magistrate Judge

March 17, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).